## LYMAN T. BALL *versus* JOSEPH CAREW.

The plaintiff mortgaged land and assigned personal property to the defendant, as security for a debt and to enable the defendant to raise money to pay notes of the plaintiff upon which the defendant was liable, the residue of the proceeds to be paid to the plaintiff or his order. The plaintiff was afterwards committed to gaol, on execution, by G, a creditor, and in order to obtain his liberty, without any fraud on the part of G or the defendant, he released to G all his interest in the property above mentioned, and thereupon was liberated. After this the defendant obtained from G a release of his interest in the property. It was *held*, that previously to this release, the defendant had ceased to be trustee for the plaintiff, and that the plaintiff, therefore, could not maintain a bill in equity against him for an account.

BILL *in equity*. The bill sets forth, that the plaintiff, on June 18, 1819, mortgaged his real estate, and on April

11, 1823, assigned his goods and choses in action, to the defendant, to secure certain notes due to the defendant and to enable the defendant to raise money to pay other notes of the plaintiff, on which the defendant was liable as surety or indorser, and the expenses of the assignment, the residue, if any, of the proceeds to be paid to the plaintiff or his order ; that in January 1824, J. Granger & Co., having an execution against the plaintiff for $ 100 and costs, committed the plaintiff to gaol and confined him thirty days ; that all the plaintiff's property being assigned and mortgaged to the defendant, the plaintiff had no means of paying or securing Granger & Co., except his interest in the property so assigned and mortgaged ; that when the plaintiff was so confined, the defendant advised and requested him to assign and release to Granger & Co. all his interest in the property assigned and mortgaged, and the plaintiff, being sick, consented thereto, and in order to procure his liberation, in February 1824, assigned and transferred to Granger & Co. any surplus which might be due to the plaintiff in pursuance of the assignment to the defendant, and all his interest in the land mortgaged, and the plaintiff was then liberated ; that the defendant, on September 8, 1824, applied to Granger & Co. to assign and release to him their interest in the property, and that Granger & Co. by their deed of that date, in consideration of $ 25, granted and released to him all their interest in the property ; that the defendant afterwards sold and conveyed parcels of the real estate to divers persons for large sums of money over and above the amount of the mortgage ; that the plaintiff has repeatedly applied to him, to render the plaintiff an account of all his receipts for the personal and real property and of his payments for the plaintiff, and to pay the surplus to the plaintiff ; that the whole property so assigned and conveyed, produced, as the plaintiff believes, a sum much exceeding the defendant's demands and liabilities and that the defendant ought to pay the surplus to the plaintiff ; yet the defendant refuses, pretending that the personal property did not produce sufficient to pay the debts set forth in the assignment, and that

Ball
*v.*
Carew

3 *

Ball
*v.*
Carew.

he is not bound to account for the value or proceeds of the real estate and did not hold the same in trust for the plaintiff ; and the plaintiff. charges the contrary, and prays that the defendant may be required to account and to redeliver and reconvey any of the property remaining unsold.

The defendant pleads in bar, that the plaintiff, for a valuable consideration, made his deed to Granger & Co., by which he assigned to them any surplus of the personal property which might be due to him, and his interest in the land mortgaged ; and that on September 8, 1824, the defendant, by advice of his counsel and with a view to avoid the difficulty and expense of a settlement with the plaintiff or Granger & Co., requested Granger & Co. to release to the defendant for his own and sole use and benefit, all their interest in the property assigned to them, and that the defendant paid them, as a consideration, $ 25 out of his own money, and they, by their deed, granted and released to the defendant all their interest in the property ; and the defendant avers that the conveyance from Granger & Co. was procured, intended and made for the sole use and benefit of the defendant, and not as trustee of the plaintiff or for the plaintiff's benefit.

The defendant, in support of his plea, filed an answer, in which he denies that he advised or requested the plaintiff to make the assignment to Granger & Co., and alleges that it was made without his knowledge ; and he states that he did not consider the interest conveyed to him by Granger & Co. to be of any intrinsic value, and that it was of importance to him only to save him the trouble and expense of a settlement with Granger & Co.

*Sept.* 26*th.*     G. *Bliss*, for the plaintiff, cited *Chalmer* v. *Bradley*, 1 Jac. & Walk. 68 ; *Shepherd* v. *M'Evers*, 4 Johns. Ch. R. 136 ; 1 Madd. Ch. Pr. (1st ed.) 91 ; *Herne* v. *Meeres*, 1 Vern. 466 ; *Coles* v. *Trecothick*, 9 Ves. 246 ; *Whichcote* v. *Lawrence*, 3 Ves. 740 ; *Campbell* v. *Walker*, 5 Ves. 679 ; *Randall* v. *Errington*, 10 Ves. 427 ; *Parkes* v. *White*, 11 Ves. 226 ; *Att. General* v. *Dudley*, Cooper, 148 ; *Ex parte James*, 8 Ves. 345 ; *Dawes* v. *Boylston*,

9 Mass. R. 337 ; *Fay* v. *Hunt*, 5 Pick. 404 ; *Jennison* v. *Hapgood*, 7 Pick. 8 ; *Holdridge* v. *Gillespie*, 2 Johns. Ch. R. 30 ; *Davoue* v. *Fanning*, ibid. 252 ; *Green* v. *Winter*, 1 Johns. Ch. R. 36 ; *Evertson* v. *Tappen*, 5 Johns. Ch. R. 497 ; *Hawley* v. *Mancius*, 7 Johns. Ch. R. 174 ; *Rogers* v. *Rogers*, Hopk. 515 ; *Wormley* v. *Wormley*, 8 Wheat. 441 ; *Church* v. *Marine Ins. Co.*, 1 Mason, 344.

*Morris* and *G. Ashmun, contrà*, cited *Naylor* v. *Winch*, 1 Sim. & Stew. 555 ; *Dix* v. *Cobb*, 4 Mass. R. 508 ; *Gould* v. *Newman*, 6 Mass. R. 239 ; *Jones* v. *Roe*, 3 T. R. 88 ; 1 Madd. Ch. Pr. (1st ed.) 93 ; *Coles* v. *Trecothick*, 9 Ves. 246 ; *Morse* v. *Royal*, 12 Ves. 373 ; *Prevost* v. *Gratz*, 1 Peters's Circ. C. R. 378.

PUTNAM J. delivered the opinion of the Court. The general rule, that one employed to sell shall not purchase for himself, is at this time so well established as not to require the citation of numerous authorities to support it. The *cestui que trust* would have a right to set aside the purchase and have the estate sold again, if he made his claim to do so in a reasonable time, and did not lie by to speculate upon events.

But in the case at bar, the defendant contends that the rule does not apply. He has not been vendor and vendee. He has not purchased any part of the trust property. The counsel for the plaintiff, however, contends that the defendant has, through the agency of Granger & Co., purchased the surplus of the trust funds of the *cestui que trust* ; and that such a purchase, under the circumstances, was not allowable by law. The plea denies the fact. It denies that Granger & Co. purchased with the knowledge or for the account of the defendant. So in considering the sufficiency of the plea we are to take that statement to be true.

But we are not prepared to admit the correctness of the position assumed by the plaintiff's counsel, that the trustee may not purchase and deal with the *cestui que trust*, after the trust has determined. It would seem to impose an unnecessary hardship and disability upon him who had been a *cestui que trust*, to deprive him of the power of

Ball
*v.*
Carew.

dealing with him who had been the trustee but who had discharged himself or been released from his duty as trustee Such dealing would be good, if fair and honest. *Fox v. M'Reth*, 4 Bro. C. C. 400 ; *Davoue* v. *Fanning*, 2 Johns. Ch. R. 252.

There is no fraud alleged in the bill. There is nothing alleged which would necessarily prove that the assignment to Granger & Co. was not a fair and honest transaction. They then stood in regard to the surplus remaining after the payment of the debts &c., and in regard to the defendant, just as the plaintiff did before that assignment. The assignees had a right to call the defendant to account for the surplus. The plaintiff had parted with that right. The relation between the plaintiff as *cestui que trust* and the defendant as trustee, which originally existed, was dissolved. It was nothing to the plaintiff that the defendant purchased the surplus, and so released himself from the trouble of accounting particularly ; it was nothing to the plaintiff, whether the surplus should amount to $ 25, or to $ 2500, or to nothing at all.

The question is whether the defendant is bound to render an account of this fund, so as to enable the plaintiff to have the surplus. And upon consideration, we all think that the plea in bar is a sufficient answer to the bill.